UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| CODY A. RUSH, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00066-KAC-CHS |
| BRIAN JENKINS and JIM BALDWIN, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner in the Lincoln County Jail, filed (1) a pro se complaint for violation of 42 U.S.C. 1983 arising out of his housing assignment [Doc. 2] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court (1) **GRANTS** Plaintiff's request to proceed *in forma pauperis* [Doc. 1] and (2) **DISMISSES** this action for failure to state a claim.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] that he cannot pay the filing fee in one lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** the Motion [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's

inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account **shall** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  COMPLAINT SCREENING

### A.  Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA,

a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Allegations of Complaint

Defendants Brian Jenkins and Jim Baldwin are housing Plaintiff in an intake cell and refuse to move him, even though he is a sentenced inmate, and the inmate handbook states that "sentenced [inmates] should be in sentenced pods" [Doc. 2 at 3, 12, 16]. Defendant Baldwin is allegedly lying about Plaintiff by "saying [he] ha[s] a[n] issue with someone," even though he does not, and both Defendants refuse Plaintiff's requests to be put "in the correct classification pod" [*Id.* at 4-5, 12-13, 16]. Also, Plaintiff is being "mistreated" and "treated unfairly," and unspecified people call him names [*Id.* at 13]. Plaintiff also "feels discriminated [sic]" [*Id.* at 16]. As relief, Plaintiff asks that the Court help him and put him in the correct classification [*Id.* at 6]. He also seeks monetary damages [*Id.*].

### C. Analysis

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by

3

the Constitution and laws" of the United States. 42 U.S.C. § 1983. Here, none of Plaintiff's allegations allow the Court to plausibly infer that either Defendant violated his federal rights.

First, Plaintiff has not plausibly alleged a violation of his Eighth Amendment rights. Specifically, Plaintiff sets forth no facts from which the Court can plausibly infer that his placement in the intake cell or any other condition of his confinement has caused an extreme deprivation of a life necessity such that it would rise to the level of an Eighth Amendment violation. *See Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (providing that only allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable Eighth Amendment conditions-of-confinement claim (citations and quotations omitted)). Moreover, while Plaintiff makes general allegations of name calling, these allegations fail to rise to the level of a constitutional violation. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse are not the type of infliction of pain the Eighth Amendment prohibits).

Second, Plaintiff's allegation that Defendants refuse to move him to a certain classification does not allege a constitutional violation because Plaintiff "does not have a constitutional right to placement . . . in a particular security classification." *See Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) (citing *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

Third, while Plaintiff generally refers to mistreatment and indicates that he feels that Defendants are discriminating against him, he does not allege a plausible claim for violation of his right to Equal Protection. The Fourteenth Amendment's Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state a viable Equal Protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that

4

such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

Plaintiff does not allege that he is in a suspect class, and, as set forth above, Plaintiff does not have a fundamental right to be housed in a certain classification. Thus, Plaintiff's equal protection claim can only proceed under a theory that Defendants' failure to move him lacked any rational basis. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, Plaintiff's Complaint indicates that Defendant Baldwin has refused Plaintiff's requests to be moved to the sentenced inmate pod because Plaintiff has an issue with another inmate. Plaintiff makes a conclusory allegation that Defendant Baldwin is "l[y]ing" about the issue between Plaintiff and the other inmate, but conclusory allegations are not enough to state a claim. *See Iqbal*, 556 U.S. at 681. And Plaintiff does not set forth any facts to support a plausible inference that Defendants lack a rational basis for their decision not to move to Plaintiff to the sentenced inmate pod based on a safety concern. As such, these allegations fail to "nudge[] [this claim] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Finally, Plaintiff's allegation that Defendants' failure to move him to the sentenced inmate pod violates the Jail's inmate handbook fails to allege a violation of Section 1983. A "failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Accordingly, the Court **DISMISSES** this action because the Complaint fails to state a claim upon which relief may be granted.

III. **CONCLUSION**

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even liberally construing the Complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

6

Case 4:23-cv-00066-KAC-CHS   Document 4   Filed 05/08/24   Page 6 of 6   PageID #: 28